UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALAH G. TINPAN

     Plaintiff,                    CIVIL ACTION NO. 13-12613

    v.                          DISTRICT JUDGE PATRICK J. DUGGAN
                                    MAGISTRATE JUDGE CHARLES E. BINDER
COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**:

     Plaintiff's Motion To Remand for further administrative proceedings, pursuant to sentence six of 42 U.S.C. § 405(g), to consider the treatment reports that were submitted to the Appeals Council should be **DENIED**, as he has failed to show that the new evidence was material, or that it was submitted late with good cause.

**II.  REPORT**

    **A.  Background and Procedural History**

     Plaintiff filed an application for Social Security Disability Insurance Benefits on July 20, 2010, alleging that he had become disabled and unable to work on February 12, 2010, at age 45, due to a history of migraine headaches, left ear hearing loss and back pain. Benefits

were denied by the Social Security Administration. A requested de novo hearing was held on August 22, 2011, before Administrative Law Judge (ALJ) Jerome B. Blum.  The ALJ found that the claimant was not entitled to disability benefits because he retained the residual functional capacity to perform a full range of light work, including his past relevant work as a cashier (TR 26-31).  Following the unfavorable decision, Plaintiff submitted additional medical records to the Appeals Council (TR 227-300). The Appeals Council, however, declined to review that decision, and Plaintiff commenced the instant action for judicial review of the denial of disability benefits.

Plaintiff has filed a Motion to Remand, pursuant to sentence six of 42 U.S.C. 405(g), on December 9, 2013, for further administrative proceedings to consider the treatment reports that were submitted to the Appeals Council.  Defendant opposed the motion on April 2, 2014, asserting that the new evidence was not material, nor that it was submitted late with good cause.  Plaintiff filed a Reply on May 1, 2014, arguing to the contrary.

**B.  Analysis**

Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action. 42 U.S.C. § 405(g) (1982)[1].  Sentence six of this statute authorizes the court to remand the

---

[1]In _Faucher v. Sec'y of Health & Human Servs._, 17 F.3d 171 (6th Cir. 1994), the court analyzed the two provisions of the Social Security Act.  In summarizing its understanding of these provisions, the court stated:

> Section 405(g), thus, plainly authorizes two types of remand:  (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (a sentence-six remand).

case for additional administrative action to consider new evidence. Before such a remand can be ordered, however, the new evidence must be material, and good cause must be shown for the failure to submit the new evidence earlier.  The party seeking the remand has the burden of proving both the materiality of the new evidence, and the existence of good cause for the failure to obtain the evidence prior to the administrative hearing.  Willis v. Secretary, 727 F.2d 551, 554 (6th Cir. 1984).  In order for the claimant to satisfy this burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence. See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980).

I am persuaded that Plaintiff's request to remand for further administrative proceedings to consider the evidence first submitted to the Appeals Council should be denied, as he has failed to show that the new evidence was material, or that it was submitted late with good cause. The medical records from Macomb Orthopedic Surgeons spanned the period from October 4, 2010, through October 25, 2011 (TR 227-300).  Except for two treatment records and MRIs of Plaintiff's spine conducted in October 2011 (TR 228, 230, 272-75), the rest of the evidence was already in existence prior to administrative hearing and the ALJ's decision. Yet, Plaintiff fails to provide a reason why his own  treatment records were not available to him so that his attorney could have timely submitted them to the ALJ

_____

*Faucher*, 17 F.3d at 174.

3

at the administrative proceeding.  As a result, the majority of the evidence from Macomb Orthopedic Surgeons was not new for purposes of a sentence six remand[2].

While the treatment notes and MRIs from October 2011, would be considered new (because they were conducted after the administrative hearing and decision), I suggest that the evidence was not material since it would not have changed the ALJ's decision.  Dr. Martin Kornblum remarked that x-rays revealed a "really good looking" cervical and lumbar spine with only mild spurring in the cervical spine and "not a lot of degeneration" in the lumbar spine (TR 230).  Similarly, Plaintiff reported to Dr. Stephen Mendelson that he did not desire further injections or surgical  intervention for his shoulder pain because it was controlled with medication (TR 228).  This conservative treatment is inconsistent with a finding of disability.

The newly submitted reports from Macomb Orthopedic Surgeons did not contain any evidence of disabling functional limitations.  Thus, the additional reports would not have likely changed the ALJ's decision, and would not be material for purposes of the remand. Moreover, Plaintiff has given no reason for his untimely submission of this evidence, and has not explained why he did not try to obtain the necessary medical reports before the Law Judge's decision.  Accordingly, Plaintiff's request to remand under sentence six of the Social Security Act should be denied.

---

[2]While Plaintiff asserts that the medical evidence was not available to the ALJ at the time of his decision (see Plaintiff's Motion to Remand at p.5), this is not the standard for establishing that the evidence was new.  Plaintiff must establish that the evidence was either "not in existence" or not "available to the *claimant* at the time of the administrative proceeding." See Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001) (emphasis added).  Plaintiff has failed to establish that this evidence was not available to him prior to the administrative hearing.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.


                                           s/ Charles E Binder
                                           CHARLES E. BINDER
Dated: June 4, 2014                        United States Magistrate Judge


### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

                                        s/ Kristen R. Krawczyk
                                        Kristen R. Krawczyk
                                        Case Manager Specialist

Dated: June 4, 2014